UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO LUIS VALENZUELA,

vs.   CASE NO. 8:06-cv-1000-T-17EAJ
       8:04-cr-549-T-17EAJ

UNITED STATES OF AMERICA.
_____/

## ORDER

This cause is before the Court on Defendant Pedro Valenzuela's timely-filed amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. §2255 (Doc. cv-4, cr-149). The government filed a response (Doc. cv-9). Valenzuela has not filed a reply to the response.

**Factual History**

On or about November 8, 2004, Valenzuela was one of five persons aboard a vessel without nationality in international waters, making the vessel subject to the jurisdiction of the United States, when the vessel was encountered by the United States Coast Guard. Before the Coast Guard crew boarded the vessel, Valenzuela and other crew members threw overboard numerous bales of cocaine. Approximately 2,627 kilograms of cocaine were recovered after the crew was detained.

## Procedural History

On April 19, 2005, Valenzuela pled guilty, without a plea agreement, to 1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a), (g) and (j), and 21 U.S.C. §960(b)(1)(B)(ii); and 2) possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), 21 U.S.C. §960(b)(1)(B)(ii), and 18 U.S.C. § 2 (Docs. cr-1, cr-79). On May 19, 2005, the Court accepted Valenzuela's guilty plea and adjudicated him guilty (Doc. cr-84).

On September 16, 2005, this Court sentenced Valenzuela to 135 months incarceration (Docs. cr-117, cr-118). Valenzuela did not appeal. He timely filed his original section 2255 motion and an accompanying memorandum of law on May 26, 2006 (Doc. cv-1). This Court denied the motion without prejudice, and ordered Valenzuela to file an amended section 2255 motion in compliance with the instructions on the form (Doc. cv-2).

On July 13, 2006, Valenzuela filed his amended section 2255 motion, raising the following grounds for relief: (a) The Court erred in denying Valenzuela's request for a minor role adjustment; (b) The Court sentenced Valenzuela in violation of the 5th and 6th amendments, pursuant to the Supreme Court's ruling in <u>Blakely</u>; and (c) Valenzuela received ineffective assistance of counsel for counsel's failure to raise issues (a) and (b) (Doc. cv-4; cr-149).

## Discussion

<u>Minor Role Adjustment</u>

A majority of the Courts of Appeal in the United States have held that absent "extraordinary circumstances," claims of non-constitutional error in the application of the Sentencing Guidelines cannot be raised in a Section 2255 motion. <u>Burke v. United States</u>, 152 F.3d 1329. 1331-32 (11th Cir. 1998); <u>United States v. Pregent</u>, 190 F.3d 279, 283-84 (4th Cir. 1999); see <u>Buggs v. United States</u>, 153 F.3d 439, 443 (7th Cir. 1998); <u>United States v. Payne</u>, 99 F.3d 1273, 1281-82 (5th Cir. 1996); <u>Graziano v. United States</u>, 83 F.3d 587, 589-90 (2nd Cir. 1996) (per curiam); <u>Grant v. United States</u>, 72 F.3d 503, 505-06 (6th Cir. 1996); <u>Auman v. United States</u>, 67 F.3d 157. 160-61 (8th Cir. 1995); <u>United States v. Schlesinger</u>, 49 F.3d 483. 485 (9th Cir. 1994); <u>Knight v. United States</u>, 37 F.3d 769, 773 (1st Cir. 1994). Collateral review pursuant to 28 U.S.C. §2255 is not a substitute for direct appeal. See <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004); <u>Burke v. United States</u>, 152 F.3d 1329, 1331-32 (11th Cir. 1998).

An assertion by a defendant that a sentence is contrary to the Sentencing Guidelines is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. See <u>Burke</u>, 151 F.3d at 1331-32 (collecting cases); see also <u>United States v. Diaz-Clark</u>, 292 F.3d 1310. 1316 n.4 (11th Cir. 2002). Non-constitutional assertions may be raised on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." <u>Reed v. Farley</u>, 512 U.S. 339, 348 (1994)(quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).

The review given to a sentencing court's determination of a defendant's role in an offense is a finding of fact to be reviewed for clear error. U.S. v. Rodriguez De Varon, 175 F.3d 930 (11th Cir. 1999). Also, a "district court's discretion to depart from the [Sentencing] Guidelines...will, in most cases, be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." Koon v. United States, 518 U.S. 81, 98 (1996). It is the defendant who bears the burden of proving any type of mitigating role in the offense by a preponderance of the evidence. U.S. v. Rodriguez De Varon, 175 F.3d 930.

A defendant may receive a two to four-level reduction in his base offense level for purposes of the Sentencing Guidelines if his role is "minimal, minor, or somewhere in between." Id. at 939 (citing U.S.S.G §3B1.2). Minimal participants receive a four-level reduction, minor participants can receive a two-level reduction, while those that fall in between these two standards may receive a three level reduction. Id. (citing U.S.S.G §3B1.2(a), (b)).

To decide whether a mitigating role reduction is warranted, the district court must first measure the defendant's role against the relevant conduct for which he has been held accountable. Id. at 940-45 (en banc). The court may also measure the defendant's role against the roles of other participants in that relevant conduct. Id. at 945. The court should only look to the other participants to the extent that the participants' roles are discernible from the evidence. Id. at 944.

Valenzuela's attorney had been over the guidelines with him prior to his sentencing (Doc. cr-153). Due to the anticipation of a sentence on the low end of the Sentencing Guidelines, neither Valenzuela nor his attorney made any objections at the

sentencing hearing (Doc. cr-153). The Court sentenced Valenzuela to 135 months incarceration, based on his earlier plea of guilty. The sentences run concurrently. Valenzuela cannot show that his attorney was ineffective.

Even assuming that counsel was ineffective, Valenzuela would not be eligible for mitigation. Valenzuela was paid $1,700 in advance for his work as a courier. Although Valenzuela did not have an equity interest in the drugs, he was promised additional payment on delivery to provide him an incentive to ensure the drugs reached their destination (Doc. cv-9). This sequence of events shows that he was valuable in furtherance of the conspiracy and that his role was not insignificant.

Valenzuela claims that he should only be held responsible for the amount of drugs he personally carried. He is not correct. Valenzuela was a member of a group responsible for a large quantity of drugs: 2,627 kilograms of cocaine (Doc. cv-9). This court is not required to determine the exact amount of drugs for which Valenzuela was responsible.

Valenzuela also claims that he should have been sentenced as a minor role participant based on a comparison of his behavior and the behavior of the other participants in the scheme. However, the record demonstrates that all of the defendants acted similarly. Valenzuela dumped bails of cocaine into the water when the Coast Guard approached, just as his companions did. Despite Valenzuela's claim that he did not supply the drugs, his role as a courier is the crime with which he was charged, to which he pled guilty, and for which he was sentenced.

.

5th and 6th Amendments

Valenzuela's claim that he never stipulated to any amount of cocaine is without merit, as the record refuses his allegation. He entered a guilty plea, and at the guilty plea hearing, he agreed that he assisted in dumping approximately 2.627 kilograms of cocaine overboard from the vessel, as stated in the Notice of Essential Elements, Penalty, and Factual Basis filed by the government (Doc. cr-41: cr-54).

Any claim relating to Blakely v Washington, 542 U.S. 296 (2004) also has no merit. United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) are not retroactive on collateral attack. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Ineffective Assistance of Counsel

The Sixth Amendment right to counsel is also the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). A lawyer is presumed to be competent to assist a defendant, so the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648 (1984). If the record is incomplete about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. Chandler v. United States, 218 F.3d 1305, at 1314-15 (11th Cir. 2000). The Court allows a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668 at 689 (1984). The scrutiny of counsel's performance must be "highly deferential." Strickland, 466 U.S. at 689.

Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by deficient performance. Strickland, 466 US 668. Also, "there is no reason for a court deciding an ineffective assistance claim... to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Thus, if a defendant fails to show that he is prejudiced by the alleged errors of counsel, the court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995). For the performance to be deficient, the court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The ineffective assistance of counsel test from Strickland is applicable to the plea process. Hill v. Lockhart, 474 U.S. 52 (1985).

If the record is not complete about what counsel's actions were, then it is presumed that counsel exercised reasonable professional judgment. Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000). The reasonableness of counsel's representation is an objective question. Chandler, 218 F.3d 1305. There are no absolute rules that dictate what reasonable performance is for lawyers. Id.

In the present case, Valenzuela claims that he received ineffective assistance of counsel because his attorney did not press for an evidentiary hearing on Valenzuela's §841(a)(1) charges and did not advocate an adequate factual basis for the quantity of drugs involved (Doc. cv-4). He was not charged under §841(a)(1), however, making this claim meritless. He agreed to the quantity of drugs involved when he pled guilty both to

7

the conspiracy and possession charge of over 5 grams of cocaine with intent to distribute the drugs.

Valenzuela also claims that his attorney was ineffective because he failed to object to the government's inadequate form of proof at sentencing: the proffer of a witness' testimony. Valenzuela claims that this proffer created an "overwhelming" need for an evidentiary hearing on the proffer issue, which counsel failed to formally request (Doc. cv-4). There was adequate evidence to convict Valenzuela without the witness testimony. Valenzuela pled guilty to the charge which was the basis of the proffered testimony. Therefore, his claim has no merit.

Valenzuela also asserts that his counsel was ineffective because he failed to move for a sentence reduction for a minor role (Doc. cv-4). Valenzuela has not alleged that he was less culpable than any of the other defendants. He was on the boat when the Coast Guard approached and was one of the defendants dumping the bails of cocaine overboard. Based on the information given to him, counsel had no obligation to raise a minor role claim.

Accordingly, the Court orders:

That Valenzula's motion to vacate (Doc. cv-4; cr-149) is denied with prejudice. The Clerk is directed to enter judgment against Valenzuela in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of petition. 28 U.S.C. §2253(c)(1). Rather, a district court

must first issue a certificate of appealability (COA). Id. "A COA may issue... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004)(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate to appealability, he is not entitled to appeal in forma pauperis.

**ORDERED** in chambers at Tampa, Florida on this 12th day of July, 2007.

ELIZABETH A. KOVACHEVICH
United States District Judge

AUSA: James Preston
Pedro Luis Valenzuela